# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | **COMPLAINT** |
| | : | |
| and | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ELEVATORS ETC.<br>4327 E Cesar E Chavez Ave.<br>Los Angeles, CA 90022, | : | |
| | : | |
| and | : | |
| | : | |
| JASON BABCOCK<br>4327 E Cesar E Chavez Ave.<br>Los Angeles, CA 90022, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; AND FOR BREACH OF FIDUCIARY DUTY)

### Parties

1.    The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.    The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.    The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Plan is administered at 19 Campus

Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Elevators Etc. is a California business existing under California laws whose principal office is located at 4327 E Cesar E Chavez Ave., Los Angeles, California 90022.

7. Elevators Etc. transacts business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, Elevators Etc. was and is signatory and bound to the Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreement") by virtue of its Short Form Agreement.

9.      Jason Babcock is an officer and owner of Elevators Etc., and resides at 4327 E Cesar E Chavez Ave., Los Angeles, California 90022.

10.      At all relevant times, Jason Babcock exercised control and discretion over the assets of Elevators Etc., including, but not limited to, decisions regarding the collection of receivables for Elevators Etc., the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Elevators Etc.'s employees, and the amounts to be paid to the Plaintiffs. Accordingly, Jason Babcock is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11.      At all relevant times, the Defendant Elevators Etc. employed employees performing work covered by the Collective Bargaining Agreement.

**Jurisdiction**

12.      This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to enforce an employer's contractual obligation to submit monthly contribution reports and payments, and other contributions pursuant to a Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner

individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

13. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

14. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS FOR UNPAID CONTRIBUTIONS)

15. The Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Fund ("Benefit Funds" or "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16. Pursuant to its Collective Bargaining Agreement, Defendant Elevators Etc. agreed to report and pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

17. Defendant Elevators Etc. employed certain employees covered by the Collective Bargaining Agreement but failed to report and/or pay the amounts when due to the Benefit Funds for work performed from September 2025 through January 2026 and March 2026 through and including the present as required by the Short Form Agreement, Collective Bargaining Agreement, and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

18. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to

5

pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT II

### (AMOUNTS OWED TO THE HEALTH BENEFIT PLAN FOR UNREMITTED CONTRIBUTIONS DEDUCTED FROM EMPLOYEES' WAGES)

20. The Health Benefit Plan hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 of Count I as if fully set forth in Count II.

21. Pursuant to its Collective Bargaining Agreement, Defendant Elevators Etc. agreed to remit to the Health Benefit Plan certain sums of money deducted from the wages of Defendant's employees covered by the Collective Bargaining Agreement for each hour worked.

22. Defendant Elevators Etc. employed certain employees covered by the Collective Bargaining Agreement, deducted from the employees' wages amounts payable to the Health Benefit Plan, and failed to report and/or remit the entire amount when due to the Health Benefit Plan during the months of September 2025 through January 2026 and March 2026 through the present as required by the Collective Bargaining Agreement and the Health Benefit Plan's Restated Agreement and Declaration of Trust.

23. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest and/or lost earnings from the date due through the date of payment.

24. The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

## COUNT III

### (OTHER CONTRIBUTION PAYMENTS)

25.     The Work Preservation Fund hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 24 of Counts I and II, as if fully set forth in Count III.

26.     Pursuant to its Collective Bargaining Agreement, Defendant Elevators Etc. agreed to report and pay to the Work Preservation Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

27.     Defendant employed certain employees covered by the Collective Bargaining Agreement, but failed to report and pay the entire amounts when due to the Work Preservation Fund for the months of September 2025 through January 2026 and March 2026 through the present as required by the Collective Bargaining Agreement.

28.     The Work Preservation Fund's Restated Agreement and Declarations of Trust provides that an employer who fails to pay the amounts required when due shall be obligated to pay reasonable attorneys' fees and court costs.

## COUNT IV

### (FOR BREACH OF FIDUCIARY DUTY)

29.     The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 28 of Counts I, II, and III, as if fully set forth in Count IV.

30.     The Defendant Jason Babcock executed the Short Form Agreement on September 7, 2022, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

31.     The Defendant Jason Babcock was and is responsible for creating and operating Elevators Etc. and determining the total amount of employer contributions to report and pay to the

7

Benefit Fund Plaintiffs from Elevators Etc.'s assets, and the total amount of contributions withheld from employees' wages to pay for the Health Benefit Plan from Elevators Etc.'s assets.

32.    Defendant Jason Babcock commingled assets of Elevators Etc. payable to the Plaintiffs with the general assets of Elevators Etc. and used those assets for purposes other than to pay the Plaintiffs.

33.    Defendant Jason Babcock exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

34.    The amounts due, unreported and/or unpaid by Defendant Elevators Etc., are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

35.    The factual contentions in this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through IV as follows:

1.    That the Court find the Defendant Elevators Etc. liable in the amount of contributions, interest, liquidated damages, attorneys' fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust to the Plaintiffs from September 2025 through January 2026 and March 2026 to date and through the date of judgment;

2.    That the Court find the Defendant elevators Etc. liable in the amount of unremitted contributions deducted from employees' wages, interest, lost earnings, liquidated damages, attorneys' fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust to the Plaintiffs from September 2025 through January 2026 and March 2026 to date and

8

through the date of judgment;

3.    That the Court find the Defendant Jason Babcock jointly and severally liable with the Defendant Elevators Etc. for the amount of contributions, interest, liquidated damages, attorneys' fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from September 2025 through January 2026 and March 2026 to date and through the date of judgment;

4.    That the Court find the Defendant Jason Babcock jointly and severally liable with the Defendant Elevators Etc. for the amount of unremitted contributions deducted from employees' wages, interest, lost earnings, liquidated damages, attorneys' fees, costs, and any other amounts owed under the Collective Bargaining Agreement and Restated Trust Agreements to the Plaintiffs from September 2025 through January 2026 and March 2026 to date and through the date of judgment;

5.    For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii), and the Restated Trust Agreements; and

6.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: May 29, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
akelser@odonoghuelaw.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 29th day of May, 2026, on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
  for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser